UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL W. PETERS**                                                       **APPELLANT**

**V.**                   **CIVIL ACTION NO: 1:04CV856 LTS-JMR**

**RONALD McALPIN**                                                        **APPELLEE**

## MEMORANDUM OPINION AFFIRMING
## THE DECISION OF THE BANKRUPTCY COURT TO LIFT THE AUTOMATIC STAY

The Court has before it the appeal of Michael W. Peters (Appellant) from an order of the bankruptcy court lifting the automatic stay to allow Appellant's former wife, Catherine Peters (Appellee), to seek partition or sale of three parcels of real estate through proceedings in the Chancery Court of Harrison County, Mississippi. Two of the parcels were owned jointly with rights of survivorship, and the third was titled in Appellant's name alone.

After a hearing, the bankruptcy judge concluded that the stay should be lifted so that the sale or partition of these properties could go forward under the control of the Chancery Court of Harrison County.

Although the bankruptcy judge did not enter formal findings of fact and conclusions of law in support of his decision to lift the automatic stay, it is apparent from the record of the hearing that the decision was based upon the bankruptcy judge's conclusion that the Appellant had failed to make reasonable and timely progress in his efforts to reorganize his affairs and upon his conclusion that if the automatic stay were not lifted, the Appellee's legitimate interest in concluding the division of marital property would be unduly delayed.

Appellee is the Appellant's primary creditor, and she has alleged that Appellant's bankruptcy is in reality a delaying tactic undertaken to allow Appellant to appeal the rulings of the Chancery Court of Harrison County concerning the division of marital property without posting a supersedeas bond. Nearly a year into his bankruptcy, Appellant had not yet filed his plan of reorganization at the time the hearing was held.

Under 11 U.S.C. §362(d), the bankruptcy court is authorized to lift the automatic stay "for cause." While "cause" is not defined in the statute, the desire to allow an action to proceed to completion in another forum may be sufficient reason to lift the stay. *In re RCM Global Long Term Capital Appreciation Fund, Ltd.*, 200 B.R. 514 (Bankr.S.D.N.Y.1996). The bankruptcy court has broad discretion to balance the equities in considering whether to lift or modify the automatic stay. *Mooney v. Gill*, 310 B.R. 543 (N.D.Tex.2002).

On the record before me, I am unable to conclude that the bankruptcy judge abused his discretion in lifting the automatic stay. The issues concerning the control of the proceeds of the sale of this property were not argued at the hearing, nor were these issues briefed prior to the hearing. Accordingly, I do not consider that the bankruptcy judge abused his discretion in declining to consider the merits of these issues as part of the Appellant's motion to reconsider the decision to lift the automatic stay.

There was sufficient evidence adduced at the hearing to support a finding that the parcel of real estate held in the name of the Appellant alone was sufficiently connected to a larger adjacent parcel to justify the disposition of these two parcels as a single unit of property. Although this parcel was held in the name of the Appellant alone, it was purchased during the parties' marriage, and it was determined by the Chancery Court of Harrison County, Mississippi, to be marital property.

Accordingly, I will affirm the decision of the bankruptcy court. An appropriate order will be entered.

Decided this 24th day of March, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge